Whitman, J.
This cause comes by reservation from the District Court of Putnam county, ordered at the August term, 1871.
The case stands upon a general demurrer, filed below by the defendants in error to the following petition filed be'low by the plaintiff in error. The Court of Common Pleas sustained the demurrer, and dismissed the case at the costs of the plaintiff'. Exceptions were taken to this ruling and judgment, and the cause was appealed to the District Court.
The petition is as follows:
*126 “ Your petitioner, the said John Henry, respectfully represents that on the 11th day of July, A. D. 1861, often before and many times thereafter, one Rebecca M. Enop, then an unmarried woman, agreed with and promised to your petitioner by verbal contract, that, in consideration that your petitioner would marry the said Rebecca M. Enop, and enter upon and make valuable improvements on the real estate hereinafter described, that the said Rebecca M. Enop would convey by.deed duly executed in fee-simple to your said petitioner the following described premises, to wit: The east half of the southeast quarter of section three, township two north, of range seven east, in Putnam county, Ohio — she, the said Rebecca M. Enop, being then the owner in fee-simple of said premises. Your petitioner further represents that under and by virtue of said contract your petitioner and the said Rebecca M. Enop, on the 11th day of October, a. d. 1861, were joined in lawful marriage as husband and wife. ,
“ That on or about the fifteenth (15th) day of April, a. d. 1862, your petitioner and his said wife, the said Rebecca M. Enop, together and under said contract moved, upon said lands; that your petitioner, under and by virtue of said contract, has made lasting and valuable improvements upon said premises, and that he has fully and faithfully complied with the terms of said contract upon his part; that on said 15th day of April, 1862, under said contract, and by and with the voluntary consent, and at the special instance and request of said Rebecca M. Enop, your petitioner took possession of said premises ; that he is now and has ever since been in the possession of the same, and has made lasting and valuable improvements thereon as aforesaid; that on the 13th day of June, 1864, said Rebecca M. Enop, the said wife of your petitioner, desirous of and anxious to carry out the provisions, and to more fully comply with the terms of said contract upon her part, by conveying said premises to your petitioner, did voluntarily execute and deliver to the said Abraham T. Bennett, in trust for the benefit of your petitioner, an instrument in writing purporting and intended *127 by her to be a cleecl of conveyance in fee-simple of said lands to the said Abraham T. Bennett, as trustee for the purpose and with intent that the said Bennett should convey said promises in fee-simple to your petitioner, and that thereby the provisions of said contract should be carried out as aforesaid ou her part.
“ That your petitioner did join with his said wife, the said Rebecca M. Knop, in the execution of said instrument of writing made by her in her said effort to convey said premises to the said Bennett, trustee, as aforesaid, for the purpose aforesaid, your petitioner and the said Rebecca M. Knop, his said wife, being at the time ignorant of the legal necessity of such joining, and were advised, at the time of so making such instrument, that it was not necessary for said petitioner to join with his said wife in said instrument of conveyance.
“Your petitioner further represents that the said Abraham T. Bennett, at the voluntary and special instance and request of the said Rebecca M. Knop, and as said trustee, and for the purpose and with the intent aforesaid, did on said 18th day of June, 1864, execute and deliver to your petitioner an instrument of writing pui’porting and intended to be a deed of conveyance in fee-simple of said lands to your petitioner ; that on the 28th day of October, 1864, said instrument of writing was duly recorded in the recorder’s office of Putnam county, Ohio; that the said respondent, Mary E. Henry, is a minor, of the age of seven years, and the legitimate child of your petitioner and the said Rebecca M. Knop, being the sole issue of said marriage.
“ That on the 30th day of September, 1869, the said Rebecca M. Knop departed this life, leaving the said Mary E. Henry her sole heir. Your petitioner, therefore, prays that' a writ of subpena may issue against the said Abraham T. Bennett and Mary E. Henry, minor heirs of said Rebecca M. Knop, deceased, and that they may be made party defendants heret®; that a guardian acl litem for the said Mary E. Henry may be appointed herein; and that upon the *128 final heaving of this action, the fee-simple in the premises aforesaid may be adjudged and decreed in the said petitioner ; that the said contract for the conveyance of said premises to the said petitioner may be specifically performed, and for such other and further relief as equity may require.”
The errors assigned are as follows :
I. Because said court erred in sustaining the demurrer to said petition of said plaintiff'.
II. Because said court erred in dismissing said petition.
III. Because said court erred in rendering judgment against the said plaintiff for costs.
Upon the facts as alleged in the petition, it is insisted by •the plaintiff in error that he is entitled to have a specific performance of the verbal antenuptial contract.
This contract, however, when examined, is simply an “ agreement made upon consideration of marriage.” If so, it is void under section 5 of the statute of frauds and perjuries, S. & C. 660, because it was verbal.
It is, however, sought to avoid the effect of the statute by a denial of the fact that it was “ an agreement made upon consideration of marriage; ” and in support of such denial the plaintiff in error relies upon the'fact that, in addition to his promise to marry, he bound himself to move upon and improve the premises. But the contract is an entire one, and the intended marriage entered into and 'formed a part of the whole consideration. The one consideration can not be separated from the other; both depend on the same fact, and but for the intended marriage no contract whatever would have been made.
The Supreme Court has decided this question in the case of Finch v. Finch, 10 Ohio St.
The court says, on page 505 : “ The antenuptial agreement set forth in the second defense alleged in the answer was clearly an agreement upon consideration of marriage. It is true, marriage was not the sole consideration for the agreement, on the part of the intended wife, that she would not demand dower in case she survived her intended hus *129 baud; his agreement not to exercise the rights, in respect to her property, which the marriage would confer, constituted an additional consideration for the agreement on her part; but the agreement was entire; the intended^ marriage entered into, and formed a part of the entire consideration on both sides, and without it, the agreement would never have been made.”
It is evident that the additional considerations in the antenuptial contract in the above case are more potent and more easily distinguishable from the consideration of the agreement of marriage, than is the supposed additional consideration in the case before us. And yet the Supreme Court holds the contract clearly to be an entire one, and, in law, based upon a contract or agreement in consideration of marriage only.
But it is further contended by the plaintiff in error that he was bound by the agreement to enter upon the land, and make valuable improvements thereon ; and that on the 15th day of April, 1862, he, in company with the said Eebecca M. (then his wife), under and by virtue of said contract, moved upon said lands, and that he, with the knowledge and consent of the said Eebecca M., and at her instance and request, took possession of said premises, and is now, and hath ever since been, in the possession of the same, and has made lasting and valuable improvements thereon, and that he has fully complied with the terms of the agreement on his part.
And that by reason thereof there has been part performance of the contract, and so the contract to convey has been taken out of the statute of frauds.
We are unable to perceive any legal ground for such conclusion. The act of 1861 (now repealed) and the act of 1866 as to the separate property of married women has no bearing upon the question involved in this case. And the law is well settled that the marriage itself in the absence of actual fraud is not such a performance as will take the contract out of the statute, for the plain reason, *130 as said by our Supreme Court in the before-cited case, page 506, “ otherwise, the statute would be wholly nugatory; for, so far as the fact of marriage is concerned, such agreements are always performed before they become the subjects of judicial consideration, and no case would ever be within the statute.”
The only remaining ground on which beside the fact of the marriage it is claimed that a part performance has been made is the entry upon the lands, and the continued possession thereof and the erection of lasting and valuable improvements. There is no pretense that by reason of this any fraud has been committed upon the plaintiff in error. He, with his wife, simply took possession by her consent of her land, and he as her husband made improvements, for the common use and benefit of both. Those improvements he has the legal right to have the use and benefit of, together with the land during his life, as tenant by the curtesy.
These improvements were not made on his land for his ■own use alone, no*r can he be dejDrived of them, as in cases whereby defect of title or superior equities sometimes happens ; in such cases, a court of equity interferes on the ground that unless the party be paid for his improvements, or allowed their use, a fraud will be committed upon him. But in the case before us no fraud is possible, and there ■is no apparent equity in favor of the plaintiff’ in error, as against the minor child as heir at law of his deceased mother. Nor in our opinion does any equity arise, as coun■sel seem to suppose, because the said Rebecca M., after marriage, generously determined to convey the premises in ■fee through Bennett, as trustee, to her husband in fulfillment of the antenuptial contract; nor because by her ignorance of law and of improper legal advice, that generous intention was frustrated, and her deed was a nullity for want of her husband having joined in the samé as co-grantor. The antenuptial agreement was, as we have .said, uttterly void, not being in writing; and also was an -entire contract. So that from this void contract neither *131 party acquired any rights whatever as to the land in dispute, either legal or equitable. The marriage did not revive the contract, and the parties to it when married were in no manner in law or equity benefited or inj ured thereby. They stood just as if it had never existed.
Now, this being so, what postnuptial ground of equity in favor of the plaintiff is there ? The wife attempted to eouvey the land to her husband, but she wholly failed in such attempt. Her deed was void, and upon such void act there can not be based either legal or equitable rights to have a perfect act clone, or conveyance or decree to effect what she had thus illegally tried to do in favor of her husband. He could not have the deed corrected ; it was not a case embraced in the statute. It was not such an instrument as a court of equity could cause to be perfected, for it is not such a contract or agreement touching her separate property that for any purpose whatever a court is permitted to aid. Besides, it was simply an attempt by her to sell and convey in fee her real estate. She could- not do this without her husband joining with her. Had it been a contract by her to lease her land under the statute, and the lease had been imperfect, a court could have compelled its correction and perfection. What is left, then, to rest the equity claimed by the plaintiff in error upon ? Merely the fact that the husband while living with his wife, on her land, chose to place lasting improvements thereon, as much for his own benefit as hers, and -which during his life he has the use of. He having no legal claim to the land as owner, except as tenant by the curtesy, can found no right on any absolute ownership of the land. Surely the right to live upon, use, and receive the profits of his wife’s lands, and also of all his improvements,. during his life, ought in equity to be held as equal in benefit and value to the cost of such improvements. And to attempt to superadd an alleged equity by reason pf such improvements, which can be by decree made to give the entire property to the husband, seems to us to do violence to every principle of law and equity.
*132 We are of opinion that there was no error in the court below, and that the demurrer was properly sustained.
The judgment of the Court of Common Pleas is affirmed with costs.
Scott, Chief Judge, Weight, Johnson, JJ., concurred. ■ Day, J., did not sit in the case.